UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MICHAEL MCCLOUD,

              Plaintiff,

v.

ERIC GONZALEZ, GARY G. TERRINONI, OMAR HASHMI, MARK S. COSSUTO, and JOSEPH J. WERNERSBACH,

              Defendants.

**MEMORANDUM & ORDER**
24-CV-5703 (HG) (LB)

**HECTOR GONZALEZ**, United States District Judge:

On August 8, 2024, Plaintiff Michael McCloud filed this *pro se* civil action against Defendants Eric Gonzalez, Gary G. Terrinoni, Omar Hashmi, Mark S. Cossuto, and Joseph J. Wernersbach. ECF No. 1 (Complaint). On the same day, Plaintiff moved to proceed *in forma pauperis*. ECF No. 2 (Motion for Leave to proceed *In Forma Pauperis*). Plaintiff's motion to proceed *in forma pauperis* is granted. However, for the reasons stated herein, the Court dismisses Plaintiff's Complaint.

## BACKGROUND

On May 7, 2024, Plaintiff filed a separate, fee-paid, lawsuit related to the factual allegations described in the Complaint in this case. *See McCloud v. Cossuto, et al.*, No. 24-cv-3372, ECF No. 1 (Complaint). In that case, I dismissed Defendants Ward and Fong-Frederick based on judicial immunity. *See id.*, ECF No. 5 (*Sua Sponte* Dismissal). That action is still pending against Defendants Cossuto and Hashmi, along with additional defendants not named in this case. The instant case differs in that Plaintiff is proceeding *in forma pauperis* and has named separate Defendants: Eric Gonzalez, Gary G. Terrinoni, and Joseph J. Wernersbach.

The following factual allegations—which are identical to the ones detailed in Plaintiff's May 2024 case—are taken from the complaint and are assumed to be true for purposes of this Order. Plaintiff was prosecuted in Kings County Criminal Court under Docket No. CR-004096-23KN pursuant to his arrest on February 2, 2023. ECF No. 1 at 1, 3. After Plaintiff was arrested, Defendant Hashmi, an emergency room physician at Brooklyn Hospital Center, and police officer Joseph J. Lorenzi forcibly injected Plaintiff with drugs and withdrew his blood, thereby "putting [Plaintiff] at risk for potentially life[-] threatening conditions." *Id.* at 1–3. During Plaintiff's prosecution pursuant to his arrest, he traveled by bus and train from his home in Virginia to appear in court in Brooklyn more than 40 times. *Id.* at 1. Plaintiff alleges that this travel caused him to contract Covid-19 and pneumonia and that he almost died from these diseases. *Id.*

Plaintiff contends that Defendant Cossuto provided ineffective assistance of counsel during Defendant Cossuto's representation of Plaintiff in his case. Plaintiff claims that Defendant Cossuto: (a) accepted a $5,000 fee but did not offer Plaintiff a legal contract; (b) failed to take Plaintiff's hearing disability into consideration; (c) ignored Plaintiff's requests to raise various factual and legal issues with the court in his criminal case; (d) submitted frivolous motions; (e) agreed to postpone Plaintiff's case; (f) used offensive language to describe the judges presiding over Plaintiff's proceedings and claimed to have bribed and compromised the Judges; and (g) threatened Plaintiff in connection with a 1975 homicide. *Id.* at 2–5.

Plaintiff further alleges that Defendants Cossuto and Hashmi, along with Mr. Lorenzi and Michael Chachura, the Assistant District Attorney on Plaintiff's criminal case, are attempting to cover up the fact that Defendant Hashmi and Mr. Lorenzi forcibly drew Plaintiff's blood and caused him to become unconscious. *Id.* at 4.

Plaintiff also references a prior assault and rape case filed against him that was dismissed and expunged. *Id.* at 5. In that case, Plaintiff alleges that the Brooklyn Legal Aid Society told him that it could not represent him on those charges because Brooklyn Legal Aid had previously represented the complaining witnesses on separate charges. *Id.* Nonetheless, Brooklyn Legal Aid represented Plaintiff in the prosecution stemming from his arrest on February 2, 2023, until March 24, 2023. *Id.* Plaintiff asserts that Mr. Chachura and Defendant Cossuto conspired to cover up this potential conflict, "interfering with Plaintiff's 5th, 6th, 8th and 14th Constitutional Amendments Rights to have Docket #CR-004096-23KN dismissed on legal grounds." *Id*.

Plaintiff also names the following supervisory officials as Defendants: Joseph J. Wernersbach, as Mr. Lorenzi's commanding officer; Eric Gonzalez, as the District Attorney employing Mr. Chachura; and Gary G. Terrinoni, as President and Chief Executive Officer of Brooklyn Hospital Center, and thus Defendant Hashmi's employer. *Id.* at 2, 6. Plaintiff asserts that each of these individuals "knew or he should have known about his employee[']s . . . conducts [*sic*] and actions and thus violated Plaintiff's rights." *Id.* at 6.

Plaintiff seeks punitive and compensatory damages from Defendants and for the return of seized property. *Id.* at 6.

## **LEGAL STANDARD**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[1] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d

---

[1]   Unless noted, case law quotations in this Order accept all alterations and omit all internal quotation marks, citations, and footnotes.

Cir. 2011). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court's obligation "to construe a pro se complaint liberally" continues to apply "[e]ven after *Twombly*" established the plausibility standard for assessing pleadings. *Newsome v. Bogan*, 795 F. App'x 72, 72 (2d Cir. 2020). Unlike a fee-paid case, a district court shall review an *in forma pauperis* action and dismiss it where it finds the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## **DISCUSSION**

Plaintiff fails to state a claim upon which relief may be granted. For Plaintiff to bring a claim under 42 U.S.C. § 1983, Plaintiff must show that the harm was "committed by a person acting under color of state law," and that the action "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). Subject to limited exceptions, Section 1983 does not apply to claims against private individuals or private organizations. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50–51 (1999) ("the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful"). Additionally, an action brought pursuant to Section 1983 must establish that the named defendants were personally involved in the wrongdoing or misconduct that is the subject of plaintiff's complaint. *See Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)). "Because vicarious liability is inapplicable to . . .

§ 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

First, Plaintiff's claims against Defendant Cossuto, his private defense attorney, are dismissed. "It is well-settled that private attorneys and law firms . . . do not act under color of state law and are not state actors for purposes of Section 1983 simply by virtue of their state-issued licenses to practice law." *Manko v. Steinhardt,* No. 11-cv-5430, 2012 WL 213715, at *4 (E.D.N.Y. Jan. 24, 2012) (collecting cases). Even court-appointed attorneys do not become state actors by virtue of their appointment by the court. *Rodriguez v. Weprin*, 116 F.3d 62, 65–66 (2d Cir. 1997) ("[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983."). Accordingly, Plaintiff's civil rights claims against Defendant Cossuto are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because Defendant Cossuto was not acting as a state actor when he represented Plaintiff at trial.

Plaintiff's claims against Defendants Hashmi and Terrinoni are also dismissed. A private hospital is generally not considered a state actor, even if it is licensed and regulated by the state. *White v. St. Joseph's Hosp.*, 369 Fed. App'x 225, 226 (2d Cir. 2010) ("[P]rivate actors and institutions, such as . . . hospitals . . . are generally not proper § 1983 defendants because they do not act under color of state law."); *Kia P. v. McIntyre,* 235 F.3d 749, 757 n.3 (2d Cir. 2000) ("Our decision in this case turns in large part on our conclusion that the [private] Hospital was not a state actor when it provided medical care to [plaintiff]"). Plaintiff has named a doctor and an administrator at Brooklyn Hospital Center, but he has not alleged that the hospital or its employees have acted under color of state law. "Brooklyn Hospital is a private hospital, and is generally not considered a state (for section 1983 actions) or federal (for Bivens actions) actor."

*Lee v. Brooklyn Hosp.*, No. 24-cv-381, 2024 WL 1468345, at *2 (E.D.N.Y. Apr. 4, 2024) (citing cases). Accordingly, because these individual defendants are private parties who do not work for any state or government body, Plaintiff fails to state a Section 1983 claim against these Defendants. *See Abdul-Rahman v. Brooklyn Hosp. Ctr.*, No. 10-cv-1697, 2010 WL 1838607, at *1 (E.D.N.Y. Apr. 30, 2010) (plaintiff failed to state a Section 1983 claim against Brooklyn Hospital Center and its employees because they were not state actors). Therefore, Plaintiff's Section 1983 claims against Defendant Hashmi and Terrinoni are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Finally, Plaintiff's claims against the remaining Defendants must be dismissed because these supervisory Defendants are not alleged to have taken any action in violation of Plaintiff's constitutional rights. Plaintiff merely states that Defendants Wernersbach, Gonzalez, and Terrinoni "knew or . . . should have known" about the conduct and actions of their employees. ECF No. 1 at 6. He has not alleged that any of these supervisory Defendants participated in the alleged harm or took any action that violated Plaintiff's rights and "[a] supervisor may not be held liable under section 1983 merely because his subordinate committed a constitutional tort." *Poe v. Leonard*, 282 F.3d 123, 140 (2d Cir. 2002); *see also Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior.*"). Accordingly, Plaintiff's claims against Defendants Wernersbach, Gonzalez, and Terrinoni are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Although district courts typically allow *pro se* plaintiffs an opportunity to amend their complaints, the Court denies leave to amend because the nature of the defects in Plaintiff's claims would render any amendment futile. *See, e.g.*, *Abdul-Rahman*, 2010 WL 1838607, at *1 (denying leave to amend where court dismissed Section 1983 claims against Brooklyn Hospital

6

Center and its employees); *Lewis v. Walsh*, No. 24-cv-00098, 2024 WL 2835269, at *11 (N.D.N.Y. June 4, 2024) (recommending leave to amend be denied where the court recommended dismissing plaintiff's Section 1983 claim against a private attorney).

## **CONCLUSION**

For the reasons set forth above, Plaintiff's Complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).   This dismissal is without prejudice to the claims in his fee-paid action in *McCloud v. Cossuto, et al.*, 24-cv-3372.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.   *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to enter judgment, close this case, and mail a copy of this order to *pro se* Plaintiff.

SO ORDERED.

 */s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
          September 9, 2024